UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRISHA A. BELL,

    Plaintiff,

  v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 24-cv-1884-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of the defendant Federal Bureau of Investigation ("FBI") to stay discovery, to vacate the trial setting, and to set a summary judgment motion deadline (Doc. 16). Plaintiff Trisha A. Bell brings this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because she is dissatisfied with the response the FBI made to her FOIA request. The Court has assigned this case to Track B with a bench trial date of October 10, 2025, and has solicited a proposed scheduling and discovery order from the parties. Bell has served the defendant with requests to admit, and possibly other discovery, that seek the same information Bell sought in her FOIA request.

Discovery is not conducted as a matter of course in a FOIA case. Indeed, in FOIA cases, it is prudent to entertain summary judgment motions before conducting discovery. *See Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 874 (7th Cir. 2018). The Court of Appeals for the Second Circuit has explained the sequence:

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *EPA v. Mink,* 410 U.S. 73, 79, 93 S. Ct. 827, 832, 35 L. Ed. 2d 119 (1973). Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the

> agency's burden. *See Maynard v. CIA,* 986 F.2d 547, 560 (1st Cir. 1993); *Perry v. Block,* 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam); *Malizia v. United States Dep't of Justice,* 519 F. Supp. 338, 342 (S.D.N.Y. 1981). Affidavits submitted by an agency are "accorded a presumption of good faith," *Safecard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991); accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may "forgo discovery and award summary judgment on the basis of affidavits." *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied,* 445 U.S. 927, 100 S. Ct. 1312, 63 L. Ed. 2d 759 (1980); *accord Maynard,* 986 F.2d at 556 n. 8; *Simmons v. United States Dep't of Justice,* 796 F.2d 709, 711–12 (4th Cir. 1986).
>
> In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, *Goland,* 607 F.2d at 355, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate, *see, e.g., Washington Post Co. v. United States Dep't of State,* 840 F.2d 26, 28 (D.C. Cir. 1988) (non-moving party produced hard evidence in the form of books and press accounts suggesting privacy exemption did not apply), *vacated on other grounds,* 898 F.2d 793 (1990); *Porter v. United States Dep't of Justice,* 717 F.2d 787, 791-93 (3d Cir. 1983) (agency's affidavits included conflicting information); *Schaffer v. Kissinger,* 505 F.2d 389, 390–91 (D.C. Cir. 1974) (per curiam) (inadequate reasons stated for application of national security exemption).

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-13 (2d Cir. 1994) (footnote omitted). The decision to stay discovery and set a summary judgment motion deadline is within the Court's discretion to manage its docket to ensure the "just, speedy, and inexpensive" resolution of this case. *Henson* , 892 F.3d at 874 (citing Fed. R. Civ. P. 1, 6(b); *Dietz v. Bouldin*, 579 U.S. 40, 45-46 (2016)).

Here, for the reasons articulated in *Carney* and *Henson*, the Court exercises its discretion to stay discovery—including the discovery already propounded on the defendant—pending consideration of a motion for summary judgment or the passing of the deadline to file one. The defendant has proposed a reasonable motion deadline of 60 days. The Court further finds it advisable to vacate the current Final Pretrial Conference and Trial dates to be reset after the

summary judgment phase of this case, if necessary, and to vacate the order for the parties to submit a proposed scheduling and discovery order.

Accordingly, the Court:

- **GRANTS** the defendant's motion (Doc. 16);

- **STAYS** all discovery in this case until further order of the Court;

- **VACATES** all existing dates and deadlines; and

- **ORDERS** that summary judgment motions shall be filed on or before January 31, 2025. Briefing on the motion shall be governed by SDIL-LR 7.1.

**IT IS SO ORDERED.**
**DATED:  November 21, 2024**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**