UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRISHA A. BELL,

    Plaintiff,

  v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 24-cv-1884-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' cross-motions for summary judgment in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Trisha A. Bell seeks summary judgment on her claim that the defendant Federal Bureau of Investigation ("FBI") violated FOIA when it produced no documents in response to her FOIA request (Doc. 18). The FBI has responded to Bell's motion (Doc. 20) and filed its own summary judgment motion arguing that Bell failed to exhaust administrative remedies and that its search for records complied with FOIA (Doc. 19).

**I.    Background**

The Seventh Circuit Court of Appeals has outlined FOIA law:

> "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978). Toward that end, FOIA provides that agencies "shall make ... records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). The Act is "broadly conceived," and its "basic policy" is in favor of disclosure. *Robbins Tire,* 437 U.S. at 220, 98 S. Ct. 2311. Agencies are, however, permitted to withhold records under nine statutory exemptions and three special exclusions for law-enforcement records. *See* 5 U.S.C. § 552(b)-(c).

*Rubman v. United States Citizenship & Immig. Servs.*, 800 F.3d 381, 386 (7th Cir. 2015).

Both parties here have turned to summary judgment. The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Because Bell has not responded to the FBI's summary judgment motion, the factual assertions in its affidavit are taken as true. *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Except for the date Bell asserts she made her FOIA request, which is belied by a copy of the request itself, the relevant, admissible facts asserted by Bell are also accepted as true. The question is whether, under those facts, either party is entitled to judgment as a matter of law.

## II.   Facts

The admissible evidence on file establishes the following relevant facts for purposes of summary judgment. On June 17, 2024, Bell submitted an electronic FOIA request to the FBI seeking:

> [T]he current memorandum of understanding between the FBI and the Illinois State Police Firearms Services Bureau, concerning the ISP's status as a Point of Check for purposes of the NICS [National Instant Criminal Background Check System] for firearms backgrounds check.

Def.'s Mot. Summ. J. Ex. 1, Seidel Decl. Attach. A (Doc. 19-1 at 9). The document Bell intended to request has been seen by a witness, Thomas G. Maag, who submitted an affidavit in support of the existence of a document titled "Memorandum of Understanding" ("MOU") between the FBI and the Illinois State Police regarding firearms background checks. Pl.'s Mot. Summ. J. Ex. A, Maag Aff. ¶ 8 (Doc. 18-1 at 1).

The FBI conducted a targeted search of its MOU Library, which it deemed the most reasonably likely location to have the specific MOU requested by Bell. It found no responsive

records or any indication the requested document was like to be in any other FBI location.

In a letter dated June 24, 2024, Michael G. Seidel, the FBI Section Chief for the Records/Information Dissemination Section, responded to Bell's request by stating that the FBI was "unable to identify records subject to the FOIPA[1] that are responsive to your request." Def.'s Mot. Summ. J. Ex. 1, Seidel Decl. Attach. B (Doc. 19-1 at 11). Seidel also informed Bell that she had the right to file an administrative appeal of the FBI's determination and told her she could do so by mail or electronically within 90 days of the date of his response. *Id.* (Doc. 19-1 at 12). He also informed her of the right to seek assistance from the agency and the right to seek dispute resolution services. *Id.* (Doc. 19-1 at 12).

Bell did not administratively appeal the determination communicated in Seidel's June 24, 2024, letter. Instead, she filed this lawsuit on August 15, 2024, seeking a judicial determination that the FBI had violated FOIA by failing to locate and produce the MOU she requested.

**III.    Analysis**

To establish a cause of action under FOIA, a plaintiff must show "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Agency records may be found to be improperly withheld if the agency failed to conduct a search "reasonably calculated to uncover all relevant documents." *Stimac v. United States Dep't of Justice*, 991 F.2d 800, 1993 WL 127980, at *1 (7th Cir. 1993) (Table). Importantly, however, "[t]he issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *Matter of Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992). Records may also be

---

[1] FOIPA is how federal agencies tend to refer collectively to the FOIA and the related Privacy Act, 5 U.S.C. § 552a.

found to be improperly withheld if the agency misapplies a statutory exemption. *See, generally, Solar Sources, Inc. v. United States*, 142 F.3d 1033 (7th Cir. 1998) (reviewing the application of certain exemptions).

Before filing a lawsuit under FOIA, a plaintiff must exhaust her administrative remedies. *See Hoeller v. Social Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016); *Almy v. U.S. Dep't of Just.*, 114 F.3d 1191, 1997 WL 267884, at *3 (7th Cir. 1997) (Table); *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Once she has exhausted her administrative remedies, if she believes an agency has improperly withheld documents, she may file a federal lawsuit. *See* 5 U.S.C. § 552(a)(4)(B).

Whether a plaintiff has exhausted her remedies may be connected to the timing of the agency's response to her request for records. FOIA provides that when an agency receives a request, it shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request" and shall notify the requesting party of the reasons for the determination, the right to seek assistance from the agency, the right to appeal the decision to the head of the agency, and the right to seek dispute resolution services. 5 U.S.C. § 552(a)(6)(A). If the agency fails to comply with this time limit, the requesting party is deemed to have exhausted her administrative remedies and may proceed directly to court. 5 U.S.C. § 552(a)(6)(C)(i); *see Oglesby*, 920 F.2d at 61 (holding "5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when ten days [now extended to twenty days] have passed without a reply from the agency indicating that it is responding to his request").

The FBI is entitled to judgment as a matter of law because Bell failed to exhaust her administrative remedies before filing her FOIA lawsuit. The FBI responded to Bell's request

within 20 days indicating it had complied with her request by conducting a search and had found nothing. Thus, she is not deemed to have exhausted her administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and she needed to pursue an administrative appeal of the determination conveyed in the letter. Bell did not do that before filing this lawsuit, so she is not entitled to judicial review of her FOIA claim. In light of this finding, the Court need not consider whether the FBI's search was adequate.

## IV.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** Bell's motion for summary judgment (Doc. 18);

- **GRANTS** the FBI's motion for summary judgment (Doc. 19);

- **DISMISSES** this case **without prejudice** for failure to exhaust administrative remedies; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 1, 2025**

                                                        s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**